UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

ISAIAH JAMES PICKENS,

        Petitioner,

v.                                      Case No. 22-cv-536-pp

MILWAUKEE COUNTY JAIL,

        Respondent.

---

**ORDER DISMISSING *HABEAS* PETITION (DKT NO. 1), DENYING AS MOOT PETITIONER'S MOTION TO PROCEED WITHOUT PREPAYING FILING FEE (DKT. NO. 3), DISMISSING CASE WITHOUT PREJUDICE AND DECLINING TO ISSUE CERTIFICATE OF APPEALABILITY**

---

      On May 4, 2022, the petitioner, representing himself, filed a petition for writ of *habeas corpus* under 28 U.S.C. §2241, challenging his pretrial detention in the Milwaukee County Jail. Dkt. No. 1. Two weeks later, the petitioner filed a motion for leave to proceed without prepaying the $5.00 filing fee. Dkt. No. 2. This order screens the petition under Rule 4 of the Rules Governing Section 2254 Cases. The court will dismiss the petition, deny as moot the motion for leave to proceed without prepaying the filing fee and dismiss the case.

**I.    Background**

      As of April 29, 2022—the date the petitioner signed the petition—the petitioner was in the Milwaukee County Jail. Dkt. No. 1 at 1. The Milwaukee County Jail inmate locator indicates that the petitioner is still detained at the jail. http://www.inmatesearch.mkesheriff.org/.

      The petition refers to Milwaukee County cases "20CF2165" and "20CF2166." Dkt. No. 1 at 4. The petitioner indicates that he was arrested on January 17, 2020. Id. The petition says that the petitioner is challenging his

1

detainer/illegal pretrial detention. Id. at 2. He says that there was a hearing on September 2, 2021, and that Judge "Marie Kies" conducted it. Id. at 3. The petitioner explains:

> I put my 90 day speedy trial 09-2-21 and it end: it 12-2-21 and nobody never came and got me for court and I thought I was going home and all of a sudden I had a court date out of the blue for a final pretrial which was set for 12-10-21 but they violted my right to my speedy trial with the date which for the final pretrial now this is my second 90 day speedy trial but they vilted my right of my first speedy trial I been a threw final pretrial now this is my second speedy trial they are violted my right please help me Im reaching out to you before I put the Supreme Court[.]

Id. He says he was represented by attorney Glen Givenings. Id. at 4.

The public docket for State v. Pickens, Milwaukee County Case No. 20CF2165 (https://wcca.wicourts.gov) indicates that a complaint was filed against the petitioner on June 16, 2020, charging him with armed robbery, kidnapping, attempted kidnapping, taking and driving a vehicle without consent and arson. Id. On August 1, 2020, the case was assigned to Judge Jean Marie Kies, Branch 45. Id. On November 30, 2020, the State filed a motion to join Case No. 20CF2165 with "co-def matter 20CF2166." Id. Attorney Glen Givens appeared for the petitioner on March 25, 2021. Id. On May 14, 2021, the court granted the State's joinder motion. Id. The docket indicates that on August 27, 2021, the court set the case for a final pretrial conference on September 13, 2021 at 8:30 a.m. Id. On September 2, 2021, however, the defendant and Attorney Givens appeared via videoconference; the court vacated the jury trial date. Id. The defendant then made a speedy trial demand, but the court found good cause to schedule the trial after expiration of the speedy trial demand and scheduled the final pretrial conference for December 10, 2021 and the trial for January 10, 2022. Id.

On December 14, 2021—about three weeks before the trial date—Attorney Givens moved to withdraw; the court granted the motion and scheduled a status conference for January 28, 2022. Id. On January 18, 2022, the defendant (on his own, it appears) filed a motion for violation of the speedy trial and dismissal of the case. Id. On February 10, 2022, Attorney Scott Anderson appeared with the petitioner and filed a speedy trial demand. The court stated that it would schedule the trial five days beyond the speedy trial deadline, and set the final pretrial for April 12, 2022 and the trial for May 16, 2022. Id. On April 11, 2022, however, the defense filed a motion to adjourn the final pretrial; it was rescheduled and took place on April 21, 2022. Id.

The jury trial took place starting May 16, 2022. Id. The trial continued until May 19, 2022, but just before noon that day, the defense moved for a mistrial; the court granted that motion. Id. The defendant withdrew his speedy trial demand, and the court scheduled a plea hearing for May 23, 2022 at 8:30 a.m. Id. On May 23, the State placed a plea offer on the record, but the petitioner rejected it; the court scheduled the final pretrial conference for September 1, 2022 and the jury trial for October 3, 2022. Id. On July 27, 2022, the parties asked the court to adjourn the jury trial; the court vacated the jury trial dates. Id. Three days later, the case was reassigned to Judge Kori Ashley, Branch 19. Id. On August 12, 2022, Judge Ashley scheduled the jury trial for January 23, 2023. Id.

At the January 13, 2023 pretrial conference, the parties told the court that they were close to reaching a settlement and asked for a projected guilty plea date; the court scheduled a plea hearing for January 19, 2023. Id. At the January 19, 2023 hearing, the court ordered Counts 2 and 3 dismissed on the State's motion, and ordered Counts 1, 4, 9 and 10 dismissed but read in for

3

the purposes of sentencing. Id. The case appears to have been closed the same day. Id.

The second case to which the petition refers is Case No. 2020CF2166, State v. Marvin Tyree Dewayne Sanders (Milwaukee County). Id. As it had done with the petitioner, the State filed a complaint against Sanders on June 16, 2020, charging him with robbery with the use of force, attempted kidnapping, attempted armed robbery with the use of force, kidnapping and taking and driving a vehicle without the owner's consent. Id. Sanders pled guilty on October 27, 2021 to two counts, and three counts were dismissed and read in for the purposes of sentencing. Id. He was sentenced by Judge Kies on April 14, 2022 to serve four years of initial confinement and three years of extended supervision. Id.

The above account begs questions: what sentence did the petitioner receive in Case No. 2020CF2165? When was he sentenced? Why is he still in the Milwaukee County Jail? The Milwaukee County Jail inmate locator site indicates that the petitioner has a third case, one that he did not mention in the petition. The publicly available docket shows that on January 23, 2020—six days after the petition indicates the petitioner was arrested—a complaint was filed against him in State v. Pickens, 2020CF355. Id. He was charged with taking hostages, robbery with the use of force, false imprisonment, child abuse and fleeing/eluding an officer by vehicle. Id. This case, too, was pending before Judge Kies for a time, and in this case, Attorney Givens represented the petitioner for a time. In this case, too, the defendant made a speedy trial demand to Judge Kies on September 2, 2021, and Judge Kies found good cause to set the trial after the speedy trial demand expired. Id. This case ran parallel with Case No. 2020CF2165 through January 19, 2023, when the

4

petitioner (represented by Attorney Anderson) appeared before Judge Kori Ashley and pled guilty in Case No. 2020CF355 to false imprisonment, child abuse and fleeing/eluding; the charges of taking hostages and armed robbery with the threat of force were dismissed and read in. Id. The docket indicates that the petitioner's sentencing hearing is scheduled for February 24, 2023 at 2:00 p.m. before Judge Ashley. Id.

## II. Rule 4 Screening

### A. Standard

Under Rule 1(b) of the Rules Governing Section 2254 Cases and Civil Local Rule 9(a)(2) of the Local Rules of the Eastern District of Wisconsin, the court applies the Rules Governing Section 2254 Cases to a petition for a writ of *habeas corpus* under 28 U.S.C. §2241. Chagala v. Beth, No. 15-CV-531, 2015 WL 2345614, at *1 (E.D. Wis. May 15, 2015). Rule 4 of the Rules Governing §2254 proceedings states:

> If it plainly appears from the face of the petition and any attached exhibits that the petitioner is not entitled to relief in the district court, the judge must dismiss the petition and direct the clerk to notify the petitioner. If the petition is not dismissed, the judge must order the respondent to file an answer, motion or other response within a fixed time, or to take other action the judge may order.

"The appropriate vehicle for a state pre-trial detainee to challenge his detention is § 2241." Jackson v. Clements, 796 F.3d 841, 843 (7th Cir. 2015). While §2241 allows a pretrial detainee to petition for *habeas* relief, the Younger abstention doctrine limits the ability of a federal court to interfere with pending state criminal prosecutions absent special circumstances. See, *e.g.*, Olsson v. O'Malley, 352 F. App'x 92, 94 (7th Cir. 2009) (citing Younger v. Harris, 401 U.S. 37, 43-45 (1971)).

Exceptional circumstances exist where irreparable damage would occur, such as claims of prosecutorial harassment and prosecutions brought in bad faith. Younger, 401 U.S. at 49. Relief is "generally limited to speedy trial and double jeopardy claims, and only after the petitioner has exhausted state-court remedies." Olsson v. Curran, 328 F. App'x 334, 335 (7th Cir. 2009). Exceptional circumstances do not exist when the threatened injury "is solely 'that incidental to every criminal proceeding brought lawfully and in good faith.'" Id. (citing Douglas v. City of Jeannette, 319 U.S. 157, 164 (1943)).

B. Analysis

The court must dismiss this case. The state-court criminal proceedings are ongoing. Case Nos. 2020CF355 and 2020CF1265 are joined; and while the petitioner has pled guilty, he has not yet been sentenced. That means the petitioner still has what the U.S. Supreme Court has characterized as "an acute, live controversy with the State and its prosecutor." Younger, 401 U.S. at 41.

> "Ex parte Young, 209 U.S. 123 . . . , and following cases have established the doctrine that, when absolutely necessary for protection of constitutional rights, courts of the United States have power to enjoin state officers from instituting criminal actions. But this may not be done, except under extraordinary circumstances, where the danger of irreparable loss is both great and immediate. Ordinarily, there should be no interference with such officers; primarily, they are charged with the duty of prosecuting offenders against the laws of the state, and must decide when and how this is to be done. The accused should first set up and rely upon his defense in the state courts . . . ."

Id. at 45 (quoting Fenner v. Boykin, 271 U.S. 240, 243-44 (1926)). The principles of comity forbid this federal court from intervening in the ongoing criminal proceedings before another sovereign.

It also appears that the petitioner may not have exhausted his state-court remedies. "A common-law exhaustion rule applies to § 2241 actions . . .

and although the common law allows of exceptions the hurdle is high." Richmond v. Scibana, 387 F.3d 602, 604 (7th Cir. 2004). "[F]ederal courts . . . may require, as a matter of comity, that [criminal defendants incarcerated by the state awaiting trial] exhaust all avenues of state relief before seeking the writ." United States v. Castor, 937 F.2d 293, 296-97 (7th Cir. 1991) (citing Baldwin v. Lewis, 442 F.2d 29, 31-33 (7th Cir. 1971)). A court may excuse a party's failure to exhaust when

> (1) requiring exhaustion of administrative remedies cause prejudice, due to unreasonable delay or an indefinite timeframe for administrative action; (2) the agency lacks the ability or competence to resolve the issue or grant the relief requested; (3) appealing through the administrative process would be futile because the agency is biased or has predetermined the issue; or (4) where substantial constitutional issues are raised.

Gonzalez v. O'Connell, 355 F.3d 1010, 1016 (7th Cir. 2004) (quoting Iddir v. INS, 301 F.3d 492, 498 (7th Cir. 2002)).

The court cannot determine from the publicly-available docket whether the petitioner filed any motions in either Case No. 2020CF355 or 2020CF1265 arguing that his speedy trial rights had been violated. As best the court can tell, even if he did file such a motion and it was denied, he did not seek leave to file an interlocutory appeal of the circuit court's ruling. The petitioner has not given the other courts in the state court system—the Wisconsin Court of Appeals and the Wisconsin Supreme Court—the opportunity to address his claim that his rights were violated by Judge Kies's alleged violation of his speedy trial rights. The United States Supreme Court has held that an appellate court cannot resolve the appeal of the denial of a motion to dismiss on speedy trial grounds before the case has been resolved, finding that "the resolution of a speedy trial claim necessitates a careful assessment of the particular facts of the case" which can be considered "only after the relevant

7

facts have been developed at trial." United States v. McDonald, 435 U.S. 850, 857-58 (1978). The facts of the petitioner's case have not yet been fully developed, so no court—not the Wisconsin appellate courts or this court—is in a position to consider the petitioner's claims.

Finally, the petitioner has pled guilty, raising the likelihood that the petitioner's speedy trial demand is moot, or has been waived.

For these reasons, the court will dismiss the petition.

### III. Motion for Leave to Proceed Without Prepaying the Filing Fee (Dkt No. 3)

There is a $5.00 filing fee for filing a *habeas* petition. 28 U.S.C. §1914(a). The petitioner has asked the court to proceed without prepaying that that fee. Because the court is dismissing the petition, it will deny the motion as moot.

### IV. Certificate of Appealability

Under Rule 11(a) of the Rules Governing Section 2254 Cases, the court must consider whether to issue a certificate of appealability. A court may issue a certificate of appealability only if the applicant makes a substantial showing of the denial of a constitutional right. See 28 U.S.C. §2253(c)(2). The standard for making a "substantial showing" is whether "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." Slack v. McDaniel, 529 U.S. 473, 484 (2000) (internal quotations omitted). The court declines to issue a certificate of appealability because reasonable jurists could not debate that the petitioner is not entitled to *habeas* relief under 28 U.S.C. §2241.

### V. Conclusion

The court **DISMISSES** the petition for writ of *habeas corpus* under 28 U.S.C. §2241. Dkt. No. 1.

The court **DENIES AS MOOT** the petition for leave to proceed without prepaying the filing fee. Dkt No. 3.

The court **DECLINES TO ISSUE** a certificate of appealability.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

Dated in Milwaukee, Wisconsin this 30th day of January, 2023.

BY THE COURT:

_____
**HON. PAMELA PEPPER**
**Chief United States District Judge**